UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Cheryl Bentley**<br><br>    Plaintiff<br><br>v.<br><br>**City of Lebanon, Marc Morgan, Frank Kimball and Edward DeNike**<br><br>    Defendants | Case No.: 10-CV-00470-PB<br>**JURY TRIAL DEMAND** |

## REPLY TO (DOCUMENT 10) PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

City of Lebanon and Marc Morgan respond to plaintiff's objection to their motion to dismiss on statute of limitations grounds (Document 10), saying:

1.    Plaintiff's complaint makes damages claims for harassment, discrimination, defamation, and intentional infliction of emotional distress.  There is no count alleging wrongful discharge.

2.    Plaintiff alleges that "on September 6, 2007, her contract for the following year would not be renewed."  She attributes this termination to conduct, rumors and remarks made by co-defendants DeNike and Kimball "**beginning in November, 2006**" and the inaction of the City and Morgan when she had complained about that conduct between November 2006 and September 6, 2007.  Writ ¶ 15, Document 3, Page 6; *see also* Writ ¶¶10 (emphasis added), 16-18, Document 3, Pages 5-6.

3. Pursuant to RSA 508:4, personal actions must be brought within 3 years, which applies to plaintiff's federal <u>and</u> state law claims. *Hecking v. Barger,* 2010 WL 653553 (D.N.H. February 23, 2010).

4. Statutes of limitation are not open to flexible interpretation like other deadlines. As held in *Donnelly v. Eastman*:

> Compliance with statutes of limitations, however, is not a mere procedural technicality. Given the purposes of statutes of limitations, they differ from other procedural rules. Non-compliance with statutes of limitations is an affirmative defense to an action. Statutes of limitations "represent the legislature's attempt to achieve a balance among State interests in protecting both forum courts and defendants generally against stale claims and in insuring a reasonable period during which plaintiffs may seek recovery on otherwise sound causes of action." Furthermore, "[s]tatutes of limitation are designed to expedite the orderly administration of justice." The main purposes of statutes of limitations are to ensure timely notice to an adverse party, and to eliminate stale or fraudulent claims. "The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim."

149 N.H. 631, 633-34 (2003) (internal citations omitted).

5. Plaintiff's untimely objection,[1] relies solely on an argument that her filing was timely because the limitations period expired on a holiday, Labor Day, and the action was dated and filed with the Superior Court on September 7, 2010, the first business day after the Labor Day holiday.

<u>The Counting Rules of Superior Court Rule 12 and FRCP 6</u>[2]<br><u>Do Not Save Plaintiff From Her Delay in Bringing Suit</u>

6. RSA 508:4 is very clear on its face – a plaintiff must bring her action within 3 years of the act or omission complained of. Compliance with the 3 year rule is a necessary prerequisite to establish jurisdiction with the Superior Court. *Cf. Radziewicz v. Hudson*, 159

---

[1] See Order dated November 22, 2010.
[2] Because this matter was initiated in state court, defendants assume that plaintiff's reliance on FRCP 6 is for comparison purposes only and not meant to be controlling authority, albeit misplaced. Furthermore, RSA 25:31 is controlling rather than Superior Court Rule 12.

N.H. 313 (2009)(30 day requirement in RSA 677 for appeals to the Superior Court a prerequisite to establishing jurisdiction in the Superior Court).

7. A generous reading of plaintiff's complaint indicates that she knew as of November 2006 (as well as between then and September 2007) that the defendants' alleged defamation, harassment, infliction of distress, inaction and discrimination was wrongful. Accordingly, the statute of limitations claim began running at that time. *See, e.g. Rowe v. John Deere,* 130 N.H. 18 (1987); *Glines v. Bruk*, 140 N.H. 180 (1995). Therefore, because defendants' alleged wrongful conduct predated September 7, 2007, her filing on September 7, 2010 was untimely as to each of those claims, which accordingly should be dismissed. RSA 508:4. Because plaintiff has made no other claims, the entire matter should be dismissed.

8. Even if the Court were to infer a wrongful discharge claim from plaintiff's allegations, that claim would also be time barred because the statute of limitations for such a claim ran on September 6, 2010, 3 years after she was advised that her contract would not be renewed. RSA 508:4 is silent on how to calculate the beginning of the statute of limitations period for such an inferred wrongful discharge claim. *See Chesley v. Harvey Industries, Inc.,* 157 N.H. 211, 214 (2008) (finding that unlike RSA 677:2 which mandates a 30-day appeals period, RSA 508:4 does not contain a specific directive stating a day or date to begin computing the time period). Resort must be made to RSA 21:35 to answer that question. RSA 21:35 (I) provides that:

> Except where specifically stated to the contrary, when a period or limit of time is to be reckoned from a day or date, that day or date shall be excluded from and the day on which an act should occur shall be included in the computation of the period or limit of time.

*See* also Superior Court Rule 12(1)(first sentence). Thus, plaintiff is correct when she says that the counting began on September 7, 2007. Doing that, the limitations period expired 3 years

3

later on September 6, 2010. Plaintiff failed to file her claim on that date and her claim is, therefore, time barred.

9. RSA 21:35 (II) does not provide safe harbor. That section states:

> If a statute specifies a date for filing documents or paying fees and the specified date falls on a Saturday, Sunday, or legal holiday, the document or fee shall be deemed timely filed if it is received by the next business day.

(Plaintiff relies on similar language in Superior Court Rule 12(1) second sentence). RSA 508:4 requires a plaintiff bring a personal action within 3 years of the act or omission complained of. For purposes of complying with the statute of limitations, an action shall be deemed commenced "on the date of service of the writ, or the date of entry of the writ, whichever event occurs first." Super. Ct. R. 2. Because New Hampshire law allows an action to be commenced either by filing **or** by service, RSA 508:4 does not constitute a "statute [that] specifies a date for filing documents or paying fees" for the application of RSA 21:35 (II).

10. Plaintiff has admitted that her complaint was prepared on Friday September 3, 2007. *See* Objection to Defendants Kimball and Denike Motion to Dismiss (Document 11) at ¶ 8. Nevertheless, plaintiff voluntarily chose not to avail herself of the option under Rule 2 to serve the complaint prior to the expiration of the statute of limitations. Given that a means for complying with RSA 508:4 was available to her, plaintiff should not now be allowed to argue for the benefit of the savings provisions of RSA 21:35 (II) or Superior Court Rule 12. Plaintiff's action should, therefore be dismissed as untimely.

WHEREFORE, the City of Lebanon and Marc Morgan request that the Honorable Court:

A. Dismiss this action as time-barred; and

B. Grant such other relief as may be just.

Respectfully submitted,

**THE CITY OF LEBANON AND MARC MORGAN**

By Their Attorneys,

**GALLAGHER, CALLAHAN & GARTRELL, P.C.**

Dated: December 21, 2010          By:/s/ R. Matthew Cairns_____
          R. Matthew Cairns (#411)
          Box 1415
          Concord, N.H. 03302-1415
          (603) 228-1181
          cairns@gcglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded this date by first class mail and/or ECF to:

Ernest J. Ciccotelli, plaintiff's counsel
Box 562
Norwich, VT 05055

Brian J.S. Cullen, counsel for defendants DeNike and Kimball
CullenCollimore, PLLC
10 East Pearl Street
Nashua, NH 03060

Dated: December 21, 2010          By:/s/ R. Matthew Cairns_____
          R. Matthew Cairns (#411)