UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CHERYL BENTLEY | * |
| | * |
| v. | * |
| | * |
| CITY OF LEBANON, | *   Civil Docket No. 1:10-cv-470-PB |
| MARK MORGAN, | * |
| FRANK KIMBALL, and | * |
| EDWARD DENIKE | * |

**DEFENDANTS FRANK KIMBALL AND EDWARD DENIKE'S
REPLY TO OBJECTION TO THEIR MOTION TO DISMISS**

NOW COME Defendants Frank Kimball and Edward DeNike, by their attorneys, CullenCollimore, pllc, and respectfully submit this Reply to Plaintiff's Objection to their Motion to Dismiss. In support hereof, the moving Defendants join in and incorporate herein by reference co-Defendants City of Lebanon and Mark Morgan's Reply to Objection to Motion to Dismiss [Docket Entry No. 13], and further state as follows:

**INTRODUCTION**

On November 5, 2010, the Kimball and DeNike filed their Motion to Dismiss. [Docket Entry No. 5]. Co-defendants had previously filed their motion on October 25, 2010. [Docket Entry No. 4]. On November 22, 2010, after the Plaintiff failed to object to the motion, the Court dismissed the action on the basis that the Plaintiff's claims were barred by the statute of limitations. On the same date, the Plaintiff moved to vacate claiming confusion about ECF filing and procedure as the basis for missing the deadline. [Docket Entry No. 6]. On December 7, 2010, this Court declined to vacate its Order and requested that the parties brief the issues raised in the motions to dismiss.

1

The Plaintiff does not contest that New Hampshire's three year statute of limitations applies to her claims. She argues, however, that her complaint was timely filed because the time by which she was required to bring suit was extended to September 7, 2010 because September 6, 2010 was a federal and state holiday. Implicit in that position is an assumption that her claim did not accrue until September 6, 2007. As set forth below, that argument is unavailing, as the Plaintiff's complaint concedes that the conduct underlying her claims began as early as November, 2006 (and she suggests as early as September, 2006). As a result, the Court need not reach the question of whether the statute of limitations can be extended where the deadline falls on a holiday. Even should the court reach that issue, however, the statutory construction and case law suggest that the deadline many not be so extended. As such, the Court should not vacate its order of November 22, 2010.

**I.   THE PLAINTIFF'S ACTION BEGAN ACCRUING WELL PRIOR TO SEPTEMBER 6, 2007 AND THUS WERE TIME BARRED BEFORE SEPTEMBER 7, 2010.**

Pursuant to RSA 508:4, I, a plaintiff must file her suit within three years of the "act or omission complained of, except that when the injury and its causal relationship act complained of were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of." Importantly, RSA 508:4, II specifically states that actions for defamation "unless otherwise provided by law, may be brought **only within 3 years of the time the cause of action accrued**." (Emphasis added.)

The Plaintiff concedes that the acts of which she complains began no later than November, 2006. *See* Writ of Summons, Schedule A ("Writ") at ¶10 *et seq.* (stating "beginning

in November, 2006" Defendants DeNike and Kimball began harassing and defaming her). Moreover, she concedes that she was aware of those acts and spoke to the City and Morgan about it prior to her termination. *See* Writ ¶15 (noting that she had already informed the City and Morgan that the rumors and remarks were "utterly untrue"). In fact, she specifically notes that these actions caused her "to feel severe humiliation, embarrassment, anger, and worry <u>for the better part of a year **before** her work at the Landfill was terminated</u> . . ." *Id*. at ¶ 41 (emphasis added). As her last day a the landfill was September 6, 2007, Writ at ¶16, it is evident that she was aware of both the defendants' alleged acts and her injury by September, <u>2006</u> and certainly by November, 2006.

     A claim accrues when the plaintiff knows of the incident and that she was injured in some manner. *See Rowe v. John Deere*, 130 N.H. 18, 21-23 (1987) (on certified questions from USDC N.H., holding that action should be dismissed where plaintiff knew of injury, but not full extent of injuries, and failed to file before expiration of statute of limitations). Though the plaintiff may not be aware of the full extent of her injuries, once any injury is known, her claim accrues. *See id.* Lack of knowledge of the full extent of injury is not a defense to filing an action after the expiration of the statute of limitations as the statute began running when any injury was known. *See id.* For actions of defamation, RSA 508:4, II removes the discovery rule option and limits claims to "3 years of the time the cause of action accrued." *See Keeton v. Hustler Magazine, Inc.*, 131 N.H. 6, 34 (1988) ("Because . . . harm [from defamation] by its very nature is demonstrable with less certainty than damage to a fender or injury to a collarbone, there is a strong social interest in requiring allegations of defamation to be proven sooner rather than later after the wrong is said to have occurred. Thus, defamation claims may be thought to go stale faster than other tort claims do."). Consequently, claims of defamation accrue when the

defamation occurs.

The statute of limitations is an affirmative defense and the defendant bears the burden of proving that it applies. *Glines v. Bruk*, 140 N.H. 180, 181 (1995). "That burden, however, is met by a showing that the action was not 'brought ... within 3 years of the act or omission complained of.'" *Id.* (citing RSA 508:4, I (Supp.1994)). Once the defendant meets its burden, the burden shifts to the plaintiff to raise and prove that "the discovery rule is applicable to an action otherwise barred by the statute of limitations." *Id.*

The Plaintiff cannot meet her burden and avoid the statute of limitations by claiming that she did not know the specific defendant that caused her harm or her specific damages prior to the lapsing of the statute of limitations. *See Glines v. Bruk*, 140 N.H. at 182 ("The discovery rule applies only in situations where the 'injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission.'"). Likewise she cannot claim that there was a passage of time between an initial injury and her realization of the ultimate and far greater extent of the injury thereafter. *See Rowe v. John Deere*, 130 N.H. 18, 23 (1987) (holding on questions certified from this Court that where a plaintiff knows of his injury and its cause, the fact that he is unaware of the extent of that injury does not toll the statute of limitations). She also cannot protest that she did not understand the full implications of a missed filing deadline. *See Furbush v. McKittrick*, 149 N.H. 426, 431 (2003) (declining to apply discovery rule where plaintiff was knew of potential claim before statute of limitations expired). Instead, the Plaintiff must specifically demonstrate that she did not know, and could not reasonably have known, of any claimed harm and the link between that harm and the alleged actions of the defendant in causing it. Based upon her Writ and Objection in this matter, the Plaintiff simply cannot sustain this burden. For this reason, the Court's Order

of dismissal should stand.

## II.    EVEN HAD HER CLAIM ONLY ACCRUED ON SEPTEMBER 6, 2007, SHE FAILED TO COMPLY WITH THE STATUTE OF LIMITATIONS.

Even if the claim had not accrued until September 6, 2007, the order dismissing the action should remain in effect, as the Plaintiff did not comply even with the three year period applicable to that date. RSA 508:4 requires that all personal actions be brought "**within**" three years of the act or omission. This statute applies to federal claims brought pursuant to 42 U.S.C. § 1983 as well as state tort claims. *See Wilson v. Garcia*, 471 U.S. 261, 271 (1985) (actions under § 1983 are subject to the governing state law's personal injury statute of limitations). The Plaintiff filed this action on September 7, 2010 – three years and one day after her deadline.

The Plaintiff claims that because September 6, 2010 fell on a holiday Superior Court Rule 12 permitted her to file on the next business day which was September 7, 2010. Although at first blush this argument appears compelling, a careful analysis of the rules and case law on this issue, however, shows that the statute of limitations was intended to establish a bright line for the bringing of actions, and that the Plaintiff had alternative means to bring this suit in a timely manner. As such, the expediency of a holiday does not rescue the Plaintiff from her error.

In *Donnelly v. Eastman*, the plaintiff gave the Writ to the sheriff two days before the statute of limitations tolled, but it was served and filed after the statute tolled. 149 N.H. 631, 632 (2003). The New Hampshire Supreme Court declined to permit a party to survive the statute of limitations and stated that:

> In other contexts, we have emphasized justice over procedural technicalities. . . . Compliance with statutes of limitations, however, is not a mere procedural technicality. Given the purposes of statutes of limitations, they differ from other procedural rules.

*Id.* at 633 (citation omitted). In *Chesley v. Harvey Indus., Inc.*, where the issue was whether the

5

day of the incident counted in determining the filing deadline (it does not), the court affirmed its holding from *Donnelly*, stating:

> We strictly adhere to deadlines when assessing compliance with the statute of limitations.

157 N.H. 211, 949 A.2d 728, 730 (2008).

In *Radziewicz v. Town of Hudson*, the plaintiffs filed their appeal thirty-two days after the ZBA denied their motion for a rehearing. *See* __ N.H. __, 982 A.2d 417, 418 (2009). RSA 677:4, however, requires that parties apply for appeal within 30 days. The thirtieth day fell on a Saturday. *See* 982 A.2d at 417. The court decided that "within" as used in RSA 677:4 to define the statute of limitations means that the operative pleading must be filed on or before the last day of the deadline. 982 A.2d at 418. Therefore, it "ruled that notwithstanding Rule 12(1), **the plain language of RSA 677:4 does not allow for filing an appeal beyond thirty days when the thirtieth day falls on a Saturday**." *Id.* (emphasis added). RSA 508:4 also uses "within" making the *Radziewicz* instructive on this issue.

Additionally, the *Radziewicz* decision also points out that the statute of limitations provides the statutory time requirement for vesting jurisdiction with the court. 982 A.2d at 418 Where a party misses the statute of limitations, the court lacks jurisdiction to hear the case. *See id.*

> Statutory time requirements relative to the vesting of jurisdiction ... must be distinguished from the superior court's own procedural rules. While the superior court has the discretion to apply its concept of accident, mistake or misfortune in some other contexts, the court cannot use this concept to establish jurisdiction in the superior court in the first instance.

*Id*. (citing *Dermody v. Town of Gilford,* 137 N.H. 294, 296-97 (1993) (citation omitted). To that end, the *Radziewicz* court held that:

> [c]ompliance with the thirty-day filing deadline was a necessary prerequisite to

6

> establishing jurisdiction in the superior court. Because the petitioners' appeal was not filed within thirty days, the superior court never had jurisdiction, and could not rely upon Rule 12(1) to establish jurisdiction that did not exist in the first instance.

*Id.* at 418-19.

Finally, the court in *Radziewicz* acknowledged that the case was decided under the law as it stood before RSA 21:35 was amended.

> We note that after the petitioners' appeal was filed in the trial court, RSA 21:35, II (Supp.2008) (amended 2008) was amended to specifically permit statutory filing deadlines which fall on a Saturday to automatically extend to the next business day. *See* Laws 2008, 11:1. The petitioners contend that this amendment "is a clear indication that [the legislature] would support the Petitioners' plea for application of Superior Court Rule 12(1)" to the circumstances of their case. We disagree. As stated above, superior court procedural rules cannot establish subject matter jurisdiction for an appeal from a ZBA decision where it is already lacking. Moreover, in deciding the case before us, we are bound by the statute in effect at the time of the petitioners' filing deadline.

*Id.* at 419.

In addressing this issue in particular, it is critical to note that filing an appeal pursuant to RSA 677:4 differs from filing a writ. A party has only one option for filing an appeal – it must be filed with the Superior Court. *See* RSA 677:4. New Hampshire civil procedure, however, allows parties to serve <u>or</u> file a Writ to initiate an action. *See* Super. Ct. R. 2. Stemming for that, Superior Court Rule 2 specifically states that:

> For purposes of complying with the statute of limitations, an action shall be deemed commenced on the date of service of the writ, **<u>or</u>** the date of entry of the writ, whichever event occurs first.

(Emphasis added.) An action is "brought" as used in RSA 508:4 when either the writ is filed or it is served. *See Donnelly v. Eastman*, 149 N.H. 631, 633 (2003) (noting that statute does not define "brought" and citing Superior Court Rule 2 to clarify the statute). Therefore, unlike RSA 677:4 which permits only one option to satisfy the statute of limitations, a plaintiff has two when filing a Writ.

7

Taken with the court's reticence to alter deadlines for the statute of limitations, *see Chelsey*, 949 A.2d at 730; *Donnelly*, 149 N.H. at 633, RSA 21:35 does not facially apply in this case. The statute extends the statute of limitations only if "a statute specifies a date for filing documents." RSA 21:35. RSA 508:4 together with Superior Court Rule 2 do not specify a date for filing documents, but specify a date for filing **or serving** a Writ. Therefore, the Plaintiff, who could have served the Writ on or before September 6, 2010 and was not limited to filing with the Court, cannot find relief from the statute of limitations. Moreover, the court lacks jurisdiction and Rule 12 cannot be used to establish jurisdiction which does not exist. *See Radziewicz,* 982 A.2d at 418-19.

Notably, the Plaintiff admits that the Writ was prepared by September 3, 2010, but states that the courts were closed on that day. Given that this was not a holiday or weekend, the Plaintiff could have served the Defendants on this day and satisfied the statute of limitations. She, however, chose not to do so. As the court noted in *Donnelly*,

> Attorneys are responsible for knowing the content of the court rules applicable to their actions. *DeButts v. LaRoche*, 142 N.H. 845, 847, 711 A.2d 877 (1998). Rule 2 was adopted in order to establish a bright-line rule for determining when an action is commenced for purposes of the statute of limitations. We conclude that under the circumstances of this case, neither good cause nor justice supports waiver of Rule 2.

149 N.H. at 634. Likewise, under the circumstances of this case, neither good cause nor justice – neither of which has been used to avoid the statute of limitations in prior cases – supports circumventing the statute of limitations in this matter.

### III. THE PLAINTIFF CANNOT AMEND HER COMPLAINT TO ADD TIME BARRED CLAIMS.

As shown above, the Plaintiff's claims in this matter are time barred both because they began accruing in no later than November, 2006 and because the Plaintiff failed to file or serve her Writ before the statute of limitations expired on the last day of any possible claim.

Therefore, to the extent that the Plaintiff attempts in her Objection *see* ¶20 and Schedule A,[1] to amend her complaint to add new claims, she cannot succeed. First, appending a request to amend a complaint to an objection to a motion to dismiss is not a proper motion to amend. *Gray v. Evercore Restructuring L.L.C.,* 544 F.3d 320 (1st Cir. 2008) (finding that contingent request to amend "does not constitute a motion to amend a complaint."). Second, "any amendment of [the] complaint would [be] futile because the amended complaint could not [withstand] a motion to dismiss on the basis of the statute of limitations." *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). Nor would such amendment provide a basis to survive dismissal. *See* Fed. R. Civ. P. 15 (allowing amendment "when justice so requires").

        Respectfully submitted,

        FRANK KIMBALL and
        EDWARD DENIKE

        By their Attorneys,

        CullenCollimore, pllc

Dated: 12/23/10        By: /s/ Brian J.S. Cullen
        Brian J.S. Cullen, #11265
        Shelagh C.N. Michaud, #14786
        10 East Pearl Street
        Nashua, NH 03060
        (603)881-5500
        bcullen@cullencollimore.com

---

[1] In her Objection, the Plaintiff also simultaneously refutes raising a federal question and asks that the federal claims not be dismissed. This internal inconsistency serves only to confuse the issues before the court – namely whether the Plaintiff's late filing survives the statute of limitations in this case.

## **CERTIFICATION**

I certify that a copy of this filing was served via the Court's ECF filing system upon all counsel of record this 23rd day of December, 2010.


Dated: 12/23/10   /s/ Brian J.S. Cullen
Brian J.S. Cullen, Bar #11265