```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Cheryl Bentley**

   **v.**　　　　　　　　　　　　　　　　Case No. 10-cv-470-PB
　　　　　　　　　　　　　　　　　　　　Opinion No. 2011 DNH 044
**City of Lebanon, et al.**


### MEMORANDUM AND ORDER

Cheryl Bentley filed a writ of summons against the City of Lebanon and several employees in state court.  The writ includes state law claims for defamation (Counts I and II), sexual harassment in violation of N.H. Rev. Stat. Ann. § 354-B (Counts III and IV), intentional and negligent infliction of emotional distress (Counts V and VI), gender discrimination in violation of state law (Count VII), and gender discrimination in violation of the Fourteenth Amendment's equal protection clause (Count VIII).  Plaintiff invokes 42 U.S.C. § 1983 in support of her equal protection claim.  The case was later removed to this court.

1

Bentley bases her claim on a pattern of behavior that allegedly began in November 2006 and continued until September 6, 2007, when plaintiff was informed by a supervisor that her contract with the City would not be renewed.  She filed the writ of summons on September 7, 2010, three years and one day after she was informed that her work with the City would be coming to an end.  Defendants have filed motions to dismiss, arguing that Bentley's claims are barred by the applicable statute of limitations.

The parties appear to agree that all issues raised by the motion are governed by New Hampshire law.[1]  Thus, the relevant statute of limitations is N.H. Rev. Stat Ann. § 508:4, which provides in pertinent part that a personal action such as the one at issue here is timely if it is brought within "[three]

---

[1] Defendants hint at a potential argument that the statute of limitations accrued prior to September 6, 2007, because the pattern of alleged misconduct began before Bentley was informed that her contract would not be renewed.  At least with respect to plaintiff's federal claim, any argument as to when her cause of action accrued would be governed by federal law.  Harrington v. City of Nashua, 610 F.3d 24, 28 (1st Cir. 2010).  I decline to address any argument based on accrual rules, however, because the argument has not been adequately briefed.

years of the act or omission complained of . . . ."  An action is deemed to be brought when it is either filed or served, whichever occurs first.  N.H. Superior Court R. 2.  New Hampshire's counting rule provides that the day from which the limitation period begins to run is excluded from the calculation but the day by which the action must be commenced is included. See N.H. Rev. Stat Ann. § 21:35 I.  Thus, the three-year limitation period ordinarily runs on the third anniversary of the event that triggers the limitation period.

    Like most states, New Hampshire has a statute that gives filers extra time to file a document when the filing date falls on a weekend or a holiday.  New Hampshire's rule provides that "[i]f a statute specifies a date for filing documents or paying fees and the specified date falls on a Saturday, Sunday, or legal holiday, the document or fee shall be deemed to be timely filed if it is received by the next business day."  N.H. Rev. Stat. Ann. § 21:35 II.  Because the third anniversary of the accrual date for Bentley's claim fell on September 6, 2010 - a legal holiday - her writ was timely filed the next business day

on September 7, 2010.  See id.  Although defendants argue otherwise, the weekend and holiday filing rule is not inapplicable in this case merely because a writ may also be deemed to be brought when it is served if service occurs prior to filing.  What matters here is that Bentley relied on filing rather than service to satisfy the statute of limitations.

    Defendants' motions to dismiss (Doc. Nos. 4 and 5) are denied.[2]

    SO ORDERED.

                                /s/Paul Barbadoro
                                Paul Barbadoro
                                United States District Judge

March 22, 2011

Cc:   R. Matthew Cairns, Esq.
      Ernest J. Ciccoetelli, Esq.
      Brian J.S. Cullen, Esq.

---

[2] I decline to rule on the merits of defendants' conclusory assertion that Bentley has failed to state a viable claim for relief because the issue has not been adequately briefed.